UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re Grand Jury Investigation B-15-1 | No. 16-mc-4 |

**Memorandum Regarding Petition For Disclosure**

I am the supervising judge for Grand Jury B-15-1. On November 24, 2015, the government presented me with an ex parte petition for disclosure related to that grand jury, seeking to transmit documents that it received through a grand jury subpoena to specified Department of Justice Civil Division attorneys for use in determining whether to bring a civil fraud case. The government requested disclosure while the grand jury was still on-going, and did not specify the exact documents to be disclosed, nor any reason for the urgency of the requested disclosure. It also did not disclose whether a Civil Division investigation was currently on-going. Instead, the government made two arguments: first, because the underlying documents did not originate with the grand jury, they were not "grand-jury matters" subject to the strictures of Rule 6(e) of the Federal Criminal Rules of Procedure and therefore could be disclosed without *any* court supervision; and second, if the materials were subject to Rule 6(e), the government argued that it had sufficiently met the required "particularized need" standard by asserting that disclosure would increase the efficiency of the Civil Division's enforcement and would prevent it from bringing meritless claims.

After I informally raised concerns regarding the petition with government counsel, the government filed a notice of withdrawal of its petition on December 11, 2015. Treating that notice as a motion to withdraw the ex parte petition, the motion is **granted**. Nevertheless,

because the government's petition has raised important questions that I deem likely to arise in subsequent grand jury proceedings, I offer the following analysis.

A.  Relevant Portions of Rule 6(e)

Rule 6(e)(2) of the Federal Rules of Criminal Procedure provides for the secrecy of grand jury proceedings, and specifies that matters occurring before the grand jury must not be disclosed by an attorney for the government. Fed. R. Crim. P. 6(e)(2)(B)(vi). Rule 6(e)(3) provides exceptions to that rule, allowing that "[d]isclosure of a grand-jury matter—other than the grand jury's deliberations or any grand juror's vote—may be made to:

> (i) an attorney for the government for use in performing that attorney's duty;
>
> (ii) any government personnel--including those of a state, state subdivision, Indian tribe, or foreign government--that an attorney for the government considers necessary to assist in performing that attorney's duty to enforce federal criminal law; or
>
> (iii) a person authorized by 18 U.S.C. § 3322."

Fed. R. Crim. P. 6(e)(3)(A). The government does not argue that any of those exceptions apply in the current case.[1]

Rule 6(e)(3)(E) provides that "the supervising court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding . . . ." The Supreme Court has held that the government must make a "strong showing of particularized need" in order to trigger authorization under that provision. *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 442–43 (1983).

---

[1] Although Rule 6(e)(3)(i) might appear to authorize the disclosure to government attorneys considering filing a civil action, the Supreme Court has interpreted the phrase "for use in performing that attorney's duty" as limiting that exception to attorneys whose prosecutorial duties are required by the grand jury. *See United States v. Sells Engineering, Inc.*, 463 U.S. 418, 428–30 (1983).

B. Rule 6(e) Applies.

The government first argued that Rule 6(e) does not apply *at all* to the materials produced by the grand jury subpoena because the underlying materials are not "grand-jury matters."

The Supreme Court has already implicitly recognized that disclosure of documents produced through a grand jury subpoena should be governed by Rule 6(e). *See United States v. John Doe, Inc. I*, 481 U.S. 102, 107, 111 (1987) (where civil attorneys were seeking "production of various documents," observing that "[t]he Department of Justice properly recognized that under our holding in *Sells* it could not disclose information to previously uninvolved attorneys from the Civil Division or the United States Attorney's office without a court order pursuant to Rule 6(e)(3)(C)(i)").

Indeed, this case bears strong similarities to a case decided by U.S. District Judge John Gleeson in the Eastern District of New York in 1998. *See Application of U.S. for an Order Authorizing Disclosure of Certain Matters Occurring Before the Regular Friday 7/1/96 Grand Jury*, No. 98-MISC-016, 1998 WL 817759, at *2 (E.D.N.Y. Jan. 22, 1998) [hereinafter "*Application Re 7/1/96 Grand Jury*"]. In that case, the government sought to disclose financial documents that had been produced or would in the future be produced via grand jury subpoena to Civil Division attorneys for use in a civil matter. *Id.* The government argued that the subpoenaed documents were not subject to Rule 6(e) at all because they had not been created at the behest of the grand jury. *Id.* at *1. Judge Gleeson rejected that argument. He determined that, because "the scope of the request is defined in part by reference to what the grand jury already has subpoenaed or will subpoena at some future point," the disclosure would "reveal information about the subject of the grand jury's investigation." *Id.* at *2. Similarly here, the government requested that civil attorneys be granted unsupervised access to materials resulting from a grand jury subpoena without any clear limitations to prevent, for instance, Judge Gleeson's concern

3

that the very fact that certain documents were being subpoenaed and in what order could reveal information about the grand jury investigation.

The Supreme Court has also enumerated several strong policy arguments against allowing prosecutors to transfer grand-jury materials to Civil Division attorneys without court supervision. In *United States v. Sells Engineering, Inc.*, 463 U.S. 418 (1983), the Court held that grand-jury materials—in that case, transcripts of the proceedings—could not be turned over to Civil Division attorneys without court order. The dissent vociferously argued that the majority had departed from a long-standing practice that Civil Division attorneys were allowed unfettered and unsupervised access to grand-jury materials as a matter of course. Without expressly admitting that it was overturning the previous practice, however, the majority premised its holding on legislative history, as well as three key policy concerns: (1) broad disclosure, even to government bodies, increases the risk of secrecy violations, *id.* at 432; (2) disclosure to civil attorneys without court supervision increases the temptation of prosecutors to manipulate the grand jury to produce evidence for a civil case, and such abuse would be extremely difficult to regulate, *id.*; and (3) the civil use of grand-jury materials allows civil attorneys to improperly bypass the normal limits of the Federal Rules of Civil Procedure in favor of the unfettered investigatory powers of the grand jury, *id.* at 433. Although *Sells* concerned a request for the grand jury transcript itself, rather than the documents disclosed subject to a subpoena *duces tecum*, the Court's policy concerns apply equally to the disclosure of those documents, or even just the existence of those documents, *by* the prosecutor *to* the Civil Division.[2]

---

[2] Rule 6(e) has been revised since the *Sells* decision—most pertinently, the 18 U.S.C. § 3322 exception for attorneys dealing with civil forfeiture and civil banking laws was added in 1999. That addition does not materially change the applicability of the *Sells* analysis, particularly because, as the government noted in its brief, it argues that 6(e) does not apply *at all*. *See* Gov't Br. at 3 n.2.

In the subsequent case of *United States v. John Doe, Inc.*, 481 U.S. 102 (1987), the Supreme Court revisited the question of how and whether Civil Division attorneys could properly gain access to grand-jury materials. The Court's analysis of *Sells'* policy concerns in the context of a particularized-need inquiry to determine *whether* a court order for the disclosure should issue underscores the importance of applying Rule 6(e) to the documents requested in the present circumstance. For instance, with respect to *Sells'* first concern about the potential violation of the secrecy of grand jury proceedings, the *Doe* Court observed approvingly that the attorneys before them had sought only "narrow disclosure," which it asserted "does not pose the same risk of a wide breach of grand jury secrecy as would allowing unlimited use of the materials to all attorneys in another division." *Doe*, 481 U.S. at 114. It further observed that "the fact that the grand jury had already terminated mitigates the damage of a possible inadvertent disclosure." *Id.* With respect to the *Sells'* Court's second concern about the integrity of the grand jury itself, the *Doe* Court held that the risk of grand jury abuse was "far less worrisome when the attorneys seeking disclosure must go before a court and demonstrate a particularized need," and again approvingly emphasized that the attorneys before them did not seek "unfettered access" to the grand-jury materials.[3] But all of the safeguards identified by the *Doe* Court would disappear if materials discovered through a grand jury subpoena were not "grand-jury materials"—civil attorneys would have unfettered access to those materials, which access would not be supervised by any court, and that access could begin while the grand jury was still in session, further increasing the risk of improper disclosures about the investigation itself.

---

[3] The dissent, which would have held that a prosecutor involved with the grand jury could not subsequently make civil use of the material without a court order, points to several additional, and serious, risks of allowing grand-jury materials to be freely used for civil cases. *Doe*, 482 U.S. at 122–23 (Brennan, J., dissenting). It noted that witnesses may be less willing to testify if there is a risk that civil liability might attach to them, *id.* at 122; the public may be less willing to "countenance the grand-jury's far reaching authority" if it is viewed as merely a means for the Department of Justice to avoid discovery, *id.* at 123; and that liberty would unfairly allow the government to bypass the "particularized need" showing that would be required of all other parties in a civil litigation who sought grand-jury materials, *id.*

In support of its argument to me, the government cited a number of cases for the proposition that the documents subject to a grand jury subpoena do not become "grand-jury matters" simply because the grand jury has seen them or currently retains custody of them. *See* Gov't Br. at 4. In each cited case, however, the parties seeking the documents either had an independent statutory basis for requesting the documents, *see, e.g.*, *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 53 (2d Cir. 1960) (Motor Carrier Act of 1935); *United States v. Lartey*, 716 F.2d 955, 963 (2d Cir. 1983) (government expert exception applied *and* target of grand jury had already been publicly arrested), or an independent basis for knowledge of the existence and relevance of the documents, *see, e.g.*, *Ferreira v. United States*, 350 F. Supp. 2d 550, 554 (S.D.N.Y. 2004) (person requesting documents was involved in creating them and/or turning them over to the prosecutors); *DiLeo v. C.I.R.*, 959 F.2d 16, 20 (2d Cir. 1992) (existence of documents was disclosed in publicly-filed indictments); *United States v. Manko*, No. 89 CR. 91 KMW, 1997 WL 107440, at *2 (S.D.N.Y. Mar. 11, 1997) (existence of documents was disclosed in jury trial); *United States v. Liberman*, 687 F. Supp. 775, 776 (E.D.N.Y. 1988) (existence of documents was disclosed when defendant pleaded guilty). *Cf. United States v. John Doe, Inc. I*, 481 U.S. 102, 110–11 (holding that a prosecutor may *personally* consider the civil implications of materials he encountered during a grand jury investigation without court authorization). But there appears to be no such independent knowledge in the present case. Moreover, unlike in almost all of the above cases,[4] the government here sought disclosure of information presented to the grand jury before that proceeding had concluded and before the investigation itself had become publicly known.

---

[4] Some of the cases do not clearly disclose when the grand jury investigation became public with respect to the timing of the disclosure request. *See Interstate Dress Carriers, Inc.*, 280 F.2d at 53; *Ferreira*, 350 F. Supp. 2d at 560.

To the extent that the cases cited by the government hold that Rule 6(e) does not apply, it is because the requests are being made to the party who produced the documents in the first instance. "Documents produced pursuant to a grand jury subpoena remain the property of the person producing them, and their inspection by persons other than the grand jury and the prosecuting attorneys is therefore dependant [sic] upon the consent of the owner or upon a court order." *Interstate Dress Carriers, Inc.*, 280 F.2d at 54. Similarly, the civil attorneys in the present case are always independently welcome to request consent to view the documents at issue from their current owners or, if they have some statutory basis, to request a court order for their production.

Granting the ex parte request thus would violate both the policies laid out in *Sells* as well as the precedents on which the government itself relied. The government appeared to be requesting permission to both inform the Civil Division of the existence of documents, which it apparently discovered solely because of the grand jury proceedings, *and* to allow the Civil Division access to them without first obtaining the consent of the documents' owners. Both steps would be improper. The first step, disclosing the contents of the subpoena, seems to be a direct violation of Rule 6(e). Numerous authorities cited by the government recognize that "[d]ocuments should be kept secret only if their disclosure would convey otherwise unavailable information about the nature of the grand jury proceedings." *United States v. Liberman*, 687 F. Supp. 775, 776–77 (E.D.N.Y. 1988). Here, the disclosure would reveal the existence of the grand jury investigation, as well as information that may not be discoverable through normal civil procedures. Furthermore, the very fact that certain documents have been requested by and produced to the grand jury may unavoidably and improperly disclose information about the grand jury's investigation. *See, e.g.*, *In re Grand Jury Proceedings*, 851 F.2d 860, 865 (6th Cir.

1988) ("Even documents 'sought for their own sake' may, when considered in the aggregate and in their relationship to one another, make possible inferences about the nature and direction of the grand jury inquiry."). Finally, as noted above, the policy concerns in *Sells* are clearly triggered here—holding that the documents are not covered by Rule 6(e) at all would allow the Civil Division to bypass normal discovery procedures and incentivize prosecutors to fish for civil evidence in grand jury proceedings. An additional concern is that the disclosure would not only grant the government a huge advantage in its civil proceeding, but simply by bringing that civil proceeding, might also place additional pressure on the defendant to plead guilty in the criminal proceeding in order to effect a global resolution that could avoid or reduce civil monetary liability.

Moreover, even if Rule 6(e) did not apply to the underlying documents, the government's proposed second step, transferring the documents from the prosecutors to the civil attorneys, plainly violates the holding of *Interstate Dress Carriers*, which, even in the case of documents not covered by Rule 6(e), still requires either consent of the documents' owner or a court order. *See Application re 7/1/96 Grand Jury*, 1998 WL 817759, at *5 (denying an application to inspect documents obtained via grand jury subpoena where the government had failed to show that it had obtained consent from the documents' owners or had independent legal authority for such an inspection).

In sum, the government is reminded that "the information generated by the grand jury's inquiry is 'not the property of the Government's attorneys, agents or investigators, nor are they entitled to possession of them in such a case. Instead, those documents are records of the court.'" *Doe*, 481 U.S. at 119 (Brennan, J, dissenting) (quoting *United States v. Procter & Gamble Co.,* 356 U.S. 677, 684–85 (1958) (Whittaker, J., concurring)); *see also In re Grand Jury*

*Investigation of Cuisinarts, Inc.,* 665 F.2d 24, 31 (2d Cir. 1981) ("[G]rand jury proceedings remain the records of the courts")*, cert. denied sub nom. Connecticut v. Cuisinarts, Inc.,* 460 U.S. 1068 (1983).

Because I conclude that Rule 6(e) would apply, any request for disclosure under Rule 6 must be supported by "particularized need," which I discuss below.

C. The Government Must Show "Particularized Need."

In order to obtain a court-ordered disclosure under Rule 6, the Supreme Court requires the government to make a showing of "particularized need," taking into account the totality of the circumstances, including the difference between government and private attorneys and the availability of alternative disclosure tools to uncover the same information. *See Sells Engineering*, 463 U.S. at 443–45 (relying most heavily on *Douglas Oil Co. of Calif. v. Petrol Stops Northwest*, 441 U.S. 211, 217–24 (1979)). To meet that standard, the government lawyers "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *John Doe, Inc.*, 481 U.S. at 112 n.8 (quoting *Douglas Oil*, 441 U.S. at 222).

It is insufficient for the government to assert that disclosure would be useful without further articulating why or whether the documents sought would not be available later through ordinary civil discovery. The *Sells* Court, while not establishing a *per se* rule against disclosure when discovery would be available, made a strong case against it as follows:

> Of course, it would be of substantial help to a Justice Department civil attorney if he had free access to a storehouse of evidence compiled by a grand jury; but that is of a different order from the prosecutor's need for access. The civil lawyer's need is ordinarily nothing more than a matter of saving time and expense. The same argument could be made for access on behalf of any lawyer in another government agency, or indeed, in private

9

> practice. We have consistently rejected the argument that such savings can justify a breach of grand jury secrecy. . . . In most cases, the same evidence that could be obtained from the grand jury will be available through ordinary discovery or other routine avenues of investigation. If, in a particular case, ordinary discovery is insufficient for some reason, the Government may request disclosure under a [Rule 6(e)(3)](C)(i) court order.

463 U.S. at 431 (citations omitted); *see also Application Re: 7/1/96 Grand Jury*, 1998 WL 817759, at *4 ("The discovery limitations set forth in the Federal Rules of Civil Procedure 'exist for sound reasons—ranging from fundamental fairness to concern about burdensomeness and intrusiveness.' I will not allow the government to cast those limitations aside merely because it finds them to be inconvenient.") (quoting *Sells*). As the *Sells* Court made clear, mere efficiency arguments are not sufficient, particularly where the government has not articulated any reason why the Civil Division investigation is unable to wait until the grand jury investigation becomes public and or to otherwise institute its proceedings on an independent basis.[5] Accordingly, in order to make a successful showing, I would urge the government to explain with specificity the urgency of obtaining particular materials outside of the normal discovery timeline.

II.     **Conclusion**

I conclude that Rule 6(e) does apply to the disclosure of documents of which the government has become aware solely through the use of the grand jury proceedings, and further

---

[5] I note that present case law also distinguishes between a request for disclosure for the purpose of a "consultation" to determine whether to bring a civil case at all and a request for use in the case itself, and treats the former with more lenience. *See, e.g.*, *John Doe, Inc. I*, 481 U.S. at 115; *Application Re: 7/1/96 Grand Jury*, 1998 WL 817759, at *3. That appears to me to be a false distinction—it assumes that the Civil Division already has a pending investigation and would most likely use the disclosure *not* to pursue the civil case, thereby saving time for everyone. *See John Doe, Inc. I*, 481 U.S. at 113. It seems safe to assume, however, that the government most often seeks a disclosure where the information would strengthen its civil case. Moreover, if, after the materials were used in a consultation, the Civil Division did decide to bring suit, it would easily be able to seek the disclosed grand jury materials again for use therein.

conclude that the Supreme Court's particularized-need requirement demands a specific showing tailored to the documents being requested.

Dated at Bridgeport, Connecticut, this 16th day of December, 2015.

/s/ STEFAN R. UNDERHILL  
Stefan R. Underhill  
United States District Judge